Tilghman C. J.,
delivered the opinion of the Court.
It appears by the return to this habeas corpus, that Jacob Eglee holds John Supplee as his apprentice, by virtue of an indenture of apprenticeship, executed before Jacob Baker, an alderman of Philadelphia. The indenture is in the following form : “ This indenture witnesseth, that John Supplee, aged fifteen years, by and with the advice and consent of his mother, Hannah Hanger, hath put himself,” &c. and it is sealed and delivered by Jacob Eglee, John Supplee, and Hannah Hanger. The objection is, that Hannah Hanger was a married woman, and, therefore, incapable of assenting. By the act of 29th September, 1770, indentures of apprenticeship executed by infants, are binding, provided the assent of their “ parents, guardians, or next friends’’ be given. The father of John Supplee being dead, he has no parent but his mother, and that she is a parent within the meaning of the act, may be inferred from the decision of this Court in the case of the Commonwealth v. Callan, 6 Binn, 255. There, an infant who had a mother, but neither father, master, nor guardian, had been enlisted by Lieutenant Callan, as a soldier in the army of the United States, without the consent of his mother. The enlistment was held to be void, because it is directed by the act of Congress of 20th January, 1813, that no person under *342 the age of 21 years shall be enlisted or held in the service of the United States, without the consent, in writing, of his parent, guardian, or master,” first had and obtained. I can percejve no reason for a difference of construction between the act of Congress and act of assembly. Then, as to the mother being married—That is no impediment to her assenting tO\the binding of her son. It is a personal confidence reposed in her by act of assembly ; she parts with no property, divests herself of no interest. It is true, that the general principle is, that a married woman can have no will of her own, being entirely under the control of her husband. But we know very well, that, in truth, married women have both will and judgment; and, by permission of the Legislature, they often exercise them. For instance, they may, in conjunction with their husbands, alien their real estates, provided they declare before a magistrate that they act of their own free will, without coercion or compulsion of their husbands. It does not appear that the husband of Mrs. Hanger received any estate with her, or was under any obligation to support her son, John Supplee. There is no reason, therefore, why he should have any control over the son. The mother has more affection for her own child than any other person can be expected to have, and, in general, may be supposed to have sufficient capacity to judge of a proper master. She enters into no covenant by this indenture, but barely assents to the binding, in pursuance of the act of assembly. It is the opinion of the Court, that, although married, she is still the parent designated by the act, and may give her assent independently of her husband. Indeed, if she cannot, there can be no indenture within the act of assembly, because the husband’s becoming a party only shews his assent; and if the principle^ that a married woman can have no will be strictly applied, the indenture, though executed by both husband and wife, must be considered as the act of the husband only.
It is ordered, that the apprentice, John Supplee, remain in the service of his master, Jacob Eglee.
Apprentice remanded,